KENNEDY, Justice.
The Bateses appeal a judgment of the Franklin Circuit Court establishing the boundary line forming the west boundary of their property and the east boundary of the Hardys’ property. The court heard ore tenus testimony. We affirm.
N.E. and Betty Hardy acquired their property in 1959. The adjoining landowner at that time was Mr. Hardy’s mother. Sometime in 1960 or 1961, Mr. Hardy dug a well and set in a pump to provide water for his house and his mother’s house. Mr. Hardy testified that at the time he did not know exactly where the boundary line was, but that he thought the well was on his mother’s property. Starting in 1965, title to the adjoining property passed through a number of owners, all of whom continued to draw their water from the well. During this period, Mr. Hardy maintained the pump and the well.
The Bateses acquired the property in 1985. They also drew their water from the well. There is a conflict in the testimony as to whether Mr. Hardy told Mr. Bates that he was claiming the land up to the well. Mr. Bates hired a surveyor, who established the property line west of the site of the well, placing the well and a portion of a pond that Mr. Hardy had built in 1961 on the Bateses’ property. Shortly after the survey, the Hardys initiated this suit to have the boundary determined.
The trial court in its order found that the Hardys had maintained open, notorious, and uninterrupted possession of the well-house and the adjacent land for more than 10 years.
Where the trial court has heard ore tenus evidence in a nonjury case, there is a strong presumption of correctness in favor of its judgment. This Court will reverse only if the judgment is found to be plainly and palpably wrong. City of Birmingham v. Sansing Sales of Birmingham, Inc., 547 So.2d 464 (Ala.1989). Here, although the testimony was in dispute, there was sufficient testimony to support the trial court’s judgment. The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.